IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES P. LANCASTER, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *    Civil No. **PJM 20-3201** |
| | * |
| **HAVEN SMITH, JR.,** *et al.*, | * |
| | * |
| Defendants. | * |

## **MEMORANDUM OPINION**

James P. Lancaster has brought five causes of action against Defendants Haven Smith, Jr. ("Deputy Smith") and Charles County ("County"), alleging unreasonable search and seizure (Count I), excessive force (Count II), assault (Count III), battery (Count IV), and negligent supervision, retention, and training (Count V). Lancaster asserts claims under 42 U.S.C. § 1983 and Articles 24 & 26 of Maryland's Declaration of Rights (Counts I and II), as well as common law (Counts III–V). Lancaster requests a jury trial and seeks an award of compensatory and punitive damages totaling $175,000.

Defendants have moved to dismiss all counts, except those asserted against Deputy Smith in his personal capacity. For the reasons that follow, however, the Complaint in its entirety is **DISMISSED WITH PREJUDICE**.

### I.

Lancaster is a resident of Charles County, Maryland. Compl. ¶ 4. Deputy Smith works as a "law enforcement officer" for the Charles County Sheriff's Department. *Id.* ¶ 5.

Lancaster's claims arise from an encounter with Deputy Smith on May 17, 2017. *Id.* ¶ 9. Shortly after 10:00 a.m. that day, Deputy Smith witnessed Lancaster "playing games" on a

"Yamaha Scooter 29" at an intersection in the County. *Id.* Deputy Smith confronted Lancaster, and allegedly tasered and handcuffed him. *Id.* ¶ 10. Deputy Smith then called for a flatbed truck to impound Lancaster's scooter. *Id.* ¶ 11. As alleged in the Complaint, Deputy Smith "reported" that Lancaster attempted to flee. *Id.* ¶ 12. That is the extent of factual allegations in the Complaint.

On June 2, 2020, Lancaster filed this action in the Circuit Court for Charles County. ECF No. 5. Defendants timely removed the case. ECF No. 1. On November 11, 2020, Defendants filed a Motion to Dismiss. ECF No. 7. Lancaster, represented by counsel, failed to respond.

While Defendants' Motion goes off in several directions—raising issues about the liability of employers and employees—it neglects to assert the single, dispositive issue in this suit: that the statute of limitations bars relief on all counts.[1] This is the critical foundational fact: The incident giving rise to the claims occurred on May 17, 2017. Suit was filed in the Charles County Circuit Court on June 2, 2020, three years and 16 days later.

## II.

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards" that require a plaintiff to submit only a "short and plain statement of the claim showing that [she] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). To survive a Rule 12(b)(6) motion, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the pleadings need not

---

[1] Defendants raised a single timeliness issue with respect to assault (Count III). As addressed *infra*, Defendants correctly assert that the common law tort of assault is subject to a one-year statute of limitations. Md. Code Ann., Cts. & Jud. Proc. § 5-105. ECF No. 7-1 at 10.

2

contain "detailed factual allegations," they must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555).

"A district court may *sua sponte* dismiss a complaint for failure to state a claim, and where the face of a complaint plainly fails to state a claim for relief the district court has 'no discretion but to dismiss it.'" *Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 586 (D. Md. 2016) (quoting *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n. 10 (4th Cir. 2006)).

### III.

The Federal Rules of Civil Procedure, along with the Maryland Rules of Procedure, "are [a] lawyer's compass and serve to help him steer through the narrows of pleading, pass the rocks of default, around the shoals of limitation, and safely into the harbor of judgment. It is a reckless sailor, indeed, who puts to sea without a compass, and it is a reckless lawyer who fails to familiarize himself with the Rules of Procedure before he files and tries a case." *Colonial Carpets, Inc. v. Carpet Fair, Inc.*, 374 A.2d 419, 420–21 (Md. Ct. Spec. App. 1977). These words prove every bit as important today. Nevertheless, some cases still never make it around "the shoals of limitation." *Id.* This is one of those cases.

It is apparent that all of Lancaster's claims are untimely. To serve the ends of justice, the Court will address the timeliness of each claim in turn.

<u>Counts I & II: Unreasonable Search and Seizure and Excessive Force</u>

Claims asserted under 42 U.S.C. § 1983 and Articles 24 & 26 of the Maryland Declaration of Rights are subject to a three-year statute of limitations. The Fourth Circuit has ruled that the limitations period for a § 1983 claim is borrowed from "the most analogous state-law cause of action," which is one for personal injury. *Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 388 (4th Cir. 2014). In Maryland, the applicable statute of limitations is three years. Md.

3

Code Ann., Cts. & Jud. Proc. § 5-101; *see also Kashaka v. Baltimore Cty.*, 450 F. Supp. 2d 610, 616 n.11 (D. Md. 2006) (stating that claims under Articles 24 and 26 of the Declaration of Rights are subject to Maryland's general three-year statute of limitations).

Although his claims accrued on May 17, 2017, Lancaster did not file his Complaint in Charles County until June 2, 2020. ECF No. 5 at 2. Accordingly, Counts I and II must be dismissed as untimely.

### Count III: Assault

As Defendants correctly note, Maryland law provides a one-year statute of limitations for assault claims. Md. Code Ann., Cts. & Jud. Proc. § 5-105. That claim accrued on May 17, 2017. Lancaster's Complaint was therefore filed two years too late, and Count III must be dismissed.

### Counts IV and V: Battery and Negligence

Lancaster's battery and negligence claims are also untimely. Under Maryland law, these claims are subject to the general three-year statute of limitations. Md. Code Ann., Cts. & Jud. Proc. § 5-101. Again, Lancaster's Complaint was not filed within three years of May 17, 2017—the date his claims accrued. ECF No. 5.

## CONCLUSION

Having found that all of Lancaster's claims are untimely, for the reasons stated above, the Complaint is **DISMISSED WITH PREJUDICE**.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**August** 10, **2021**